# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** | ) | Chapter 13 |
| **ROBERT BRUCE** | ) | Docket No. 20-12971-MDC |
| **Debtor** | ) | |
| | ) | MOTION FOR STAY RELIEF |
| | ) | 103 W. Albemarle Ave., Lansdowne, PA |
| SANTANDER BANK, N.A. | ) | |
| Movant | ) | |
| vs. | ) | **Hearing Date: January 19, 2021** |
| | ) | **Time: 10:30 a.m.** |
| ROBERT BRUCE | ) | **Courtroom: #2** |
| Respondent | ) | |

**MOTION OF SANTANDER BANK, N.A FOR RELIEF FROM THE AUTOMATIC STAY**

SANTANDER BANK, N.A. ("Santander Bank"), by and through its attorneys, Gross McGinley LLP, respectfully presents the following Motion for Stay Relief pursuant to 11 U.S.C. 362(d) and 1301, and in support thereof alleges as follows:

1. This Court has jurisdiction over this matter pursuant to 11 U.S.C. §157 and §1334, as well as 11 U.S.C. § 362.

2. On or about July 10, 2020, Debtor, ROBERT BRUCE ("Debtor"), filed a Petition for Relief under Chapter 13 of the United States Bankruptcy Code ("Petition for Relief").

3. By way of brief background, on or about August 12, 2008, the Debtor obtained a home equity line of credit from Santander Bank with a credit limit of $40,000.00 as evidenced by a Home Equity Line of Credit Agreement ("Note") secured by a mortgage from Debtor and EDNA RIGBY a non-bankrupt Co-Debtor ("Co-Debtor"), recorded August 22, 2008 ("Mortgage") upon the Debtor and Co-Debtor's principal residence known as 103 W. Albemarle Avenue, Lansdowne, Delaware County, Pennsylvania ("Premises").

4. Santander Bank is a secured creditor with a mortgage lien upon the Premises.

5. On or about August 7, 2020, Santander Bank filed a Proof Claim (Claim #2) reflecting a total secured claim of $47,646.78 with $7,519.97 in pre-petition arrearages. Santander Bank's Proof Claim and all attachments thereto are incorporated herein by reference.

6. On or about October 3, 2020, the Debtor filed an Amended Chapter 13 Plan providing that the Debtor would maintain regular monthly mortgage payments in accordance with the contract terms directly to Santander Bank outside the Plan and make payments on the pre-petition arrears through the Chapter 13 Trustee.

7. The monthly payment due under the terms of the Note varies month to month but the December, 2020 payment of principal and interest is $109.77. In breach of the Note, Mortgage, and contrary to Debtor's proposed Chapter 13 Plan, Debtor has not made required post-petition principal and interest payments to Santander Bank and is due for the months of August, 2020 through December, 2020 totaling $541.77, and attorneys fees and costs of $337.00 for a total delinquency of **$878.77**.

8. The Bank had <u>commenced</u> a mortgage foreclosure action against the Premises prior to this bankruptcy proceeding.

9. As of November 12, 2020, the Debtor is indebted to Santander Bank in the amount of $48,440.56, plus per diem interest of $3.54, along with charges, fees and costs recoverable under the Mortgage.

10. In addition to Santander's second lien mortgage, Santander also holds the first lien mortgage on the Premises. The outstanding balance due on the first lien mortgage as of the date of the Bankruptcy Petition totals in excess of $99,694.70. There appears to be equity over and above

the secured claim(s) on the Premises (valued at about $180,000.00 as per the Bank's drive by/exterior only appraisal of October 16, 2020), but Santander Bank's position is being hurt by the lack of payment and asserts that its interests may not be adequately protected, especially if real estate taxes go unpaid and homeowners' insurance is not in place to protect it.

11. Santander Bank requests that the 14 day period set forth in Rule 4001(a)(3) be waived so that any Order entered on this Motion will take effect immediately upon its signing.

## Santander Bank is entitled to Relief from the Automatic Stay Pursuant to 11 U.S.C. Section 362(d) and 1301(c)

12. Pursuant to 11 U.S.C. Sections 362(d)(1) and 1301(c), Santander Bank is entitled to relief from the automatic stay for sufficient cause, including without limitation, the lack of adequate protection of Santander Bank's interest in the Premises, in that:

a) the interests of Santander Bank are not adequately protected by reason of the Debtor's failure to make post-petition payments of principal or interest due under the Note, and Mortgage, and Debtor's Proposed Chapter 13 Plan, for over five (5) months, Debtor and Co-Debtor received the consideration for the claim held by Santander Bank, and the value of the Premises is static or decreasing while the liens and mortgages upon the Premises continue to increase such that movant's interests would be irreparably harmed by continuance of the stay.

b) the Co-Debtor received the consideration for Santander Bank's claim and Santander Bank's claim would be irreparably harmed by continuance of the stay; and

c) the interests of Santander Bank are not adequately protected due to the lack of payments, and any lack of fire/casualty insurance on the Premises.

WHEREFORE, Santander Bank, N.A., requests:

a) that the automatic stay issued pursuant to 11 U.S.C. §362 and Co-Debtor stay under §1301 be modified to allow Santander Bank to pursue all available Pennsylvania state court remedies against the Premises, including without limitation, a foreclosure upon and Sheriff Sale of the Premises;

b) Debtor be obligated to pay adequate protection payments to Santander Bank, and /or

c) such other additional relief as may be equitable and just under the circumstances

Respectfully Submitted,
**GROSS MCGINLEY LLP**

*/s/Thomas A. Capehart*
Thomas A. Capehart, Esq.
Attorney for Santander Bank, N.A.
33 S. 7th Street, PO Box 4060
Allentown, PA 18105
Phone No. 610-820-5450
tcapehart@grossmcginley.com