UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ) | | Chapter 13 |
| **ROBERT BRUCE** ) | | Docket No. 20-12971-MDC |
| **Debtor** ) | | |
| ) | | MOTION FOR STAY RELIEF |
| ) | | 103 W. Albemarle Ave., Lansdowne, PA |
| SANTANDER BANK, N.A. ) | | |
| Movant ) | | |
| vs. ) | | |
| ) | | |
| ROBERT BRUCE ) | | |
| Respondent ) | | |

## STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY

SANTANDER BANK, N.A., ("Santander"), by and through its attorney, Thomas A. Capehart, Esquire of Gross McGinley LLP, and Debtor, Robert Bruce, ("Debtor"), along with his counsel, Christopher Bokas, Esquire, agree and stipulate to Relief from the Automatic Stay pursuant to 11 U.S.C. 362(d), and in support thereof, alleges as follows:

1. On or about June 10, 2020, Debtor filed a Petition for Relief under Chapter 13 of the United States Bankruptcy Code.

2. By way of brief background, on or about August 12, 2008, the Debtor obtained a home equity line of credit from Santander Bank with a credit limit of $40,000.00 as evidenced by a Home Equity Line of Credit Agreement ("Note") secured by a mortgage from Debtor and EDNA RIGBY a non-bankrupt Co-Debtor ("Co-Debtor"), recorded August 22, 2008 ("Mortgage") upon the Debtor and Co-Debtor's principal residence known as 103 W. Albemarle Avenue, Lansdowne, Delaware County, Pennsylvania ("Premises").

3. Santander Bank is a secured creditor in this bankruptcy with a mortgage lien upon the Premises.

4. The Debtor has not made monthly post-petition payments to Santander as required under the Note and the proposed Chapter 13 plan and is presently due for the months of August, 2020 through January, 2021 totaling $648.00, exclusive of attorneys fees and costs of $790.50.

5. The Debtor has agreed to cure the existing post-petition delinquency ($1,438.50) ("Arrearage") on or before April 1, 2021, by sending payments directly to Santander Bank, Bankruptcy Department at 450 Penn Street, 10-421-MC3, Reading, PA 19602, as follows:

   A. Beginning February 1, 2021, and then on or before the 1st day of the following two (2) months through, and including April 1, 2021 ("Cure Period"), the Debtor shall make monthly payments directly to Santander Bank in the amount of $479.50, representing 1/3 of the Arrearage **in addition to** the regular monthly mortgage payment which varies from month to month (The February 1, 2021 payment amount is $109.80). Beginning on or about the 15th day of January, 2021 and continuing on or about the 15th day of each month during the Cure Period, Santander Bank shall mail directly to the Debtor, written monthly notices/statements of the regular payments due each month during the Cure Period and each month thereafter. Debtor acknowledges and stipulates that such notices/statements will not be deemed a violation of the Automatic Stay.

   B. Beginning May 1, 2021, and continuing on the 1st day of every month thereafter until the entire debt owed to Santander is paid in full, Debtor shall make regular monthly mortgage payments directly to Santander as required under the terms of the Note. Beginning on the 15th day of April, 2021 and on or about the 15th day of each month thereafter until the debt is paid in full, Santander Bank shall mail directly to the Debtor, written monthly notices/statements of the regular payments due each month. Debtor acknowledges and stipulates that such notices/statements will not be deemed a violation of the Automatic Stay.

6. The Parties hereto stipulate and agree that the Automatic Stay provisions of Section 362 shall be conditionally granted to Santander as of the date this Stipulation is filed with the Court, under the terms set forth in this Stipulation.

7. If the Debtor fails to make any of the payments set forth in this Stipulation, Santander agrees that it will provide the Debtor and his counsel with ten (10) days written notice of such delinquency. Debtor shall have ten (10) days from the date of such notice to cure the delinquency ("Notice Period").

8. Should the Debtor fail to cure the default within the Notice Period, Santander may file a Certificate of Default and upon such filing, the Automatic Stay provisions of Section 362 shall be unconditionally terminated with respect to Santander and Santander shall be entitled to proceed with available State court remedies against remedies against the Premises, including without limitation, a Mortgage Foreclosure and Sheriff's Sale of the Premises, all without further application to the Bankruptcy Court or further notice to the Debtor or his counsel.

9. Debtor's counsel represents that he has reviewed this Stipulation with the Debtor and he has received specific authorization to bind the Debtor to the terms of this Stipulation and to sign this Stipulation for Relief from Stay on his behalf.

10. The parties agree that this Stipulation may be signed in counterparts and that an electronic or facsimile signature, or a copy thereof, shall have the same force and effect as an original signature.

11. The parties agree and stipulate to the waiver of the 14 day period set forth in Rule 4001(a)(3), in that the Order shall take effect immediately upon its signing.

**WHEREFORE**, the Debtor, along with his counsel, and Santander, by and through its counsel, request this Court to enter an Order which provides:

(a) that the Automatic Stay provisions of Section 362 shall be conditionally terminated as to Santander as of the date this Stipulation is filed with the Court;

(b) that if the Debtor fails to make the payments pursuant to the terms of this Stipulation, then upon the Notice of Default to Debtor and the filing of a Certificate of Default, the Automatic Stay provisions of Section 362 shall be unconditionally terminated with respect to Santander and Santander shall be entitled to proceed with available State Court remedies against the Premises located at 103 W. Albemarle Ave., Lansdowne, Delaware County, Pennsylvania, including without limitation, a mortgage foreclosure and Sheriff's Sale of the Premises, all without further application to this Court or notice to the Debtor or his counsel.

_Thomas A. Capehart_
THOMAS A. CAPEHART, ESQUIRE
Attorney for Santander Bank

*(signature)*
CHRISTOPHER BOKAS, ESQUIRE
Attorney for Debtor

(SIGNATURES CONTINUED ON NEXT PAGE)

(SIGNATURES CONTINUED FROM PRIOR PAGE)

/s/ Robert Bruce
ROBERT BRUCE

Consent/No Objection of Chapter 13 Trustee:

/s/ LeeAne O. Huggins    February 1, 2021
WILLIAM C. MILLER